UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOHO HOTEL OWNER LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION *et al.*,<br><br>    Defendants. | No. 25 Civ. 2838 (JSR) |

## ANSWER

Defendants the United States Small Business Administration ("SBA") and Kelly Loeffler, Administrator of the SBA (together with SBA, the "Defendants"), by their attorney Jay Clayton, United States Attorney for the Southern District of New York, hereby answer the Complaint of plaintiff Soho Owner LLC ("Plaintiff") upon information and belief as follows:

### INTRODUCTION

The "Introduction" to the Complaint consists of Plaintiff's characterization of this action, its conclusions of law, and its request for relief, to which no response is required. To the extent a response is required, deny that Plaintiff is entitled to the requested relief.

### PARTIES

1.      Deny the allegations of Paragraph 1 of the Complaint except admit that Plaintiff is a Delaware limited liability company, that 11 Howard is a hotel in New York City, and that Plaintiff has an ownership interest in 11 Howard.

2.      Paragraph 2 of the Complaint contains conclusions of law, to which no response is required. As to the remaining allegations of Paragraph 2 of the Complaint, Defendants refer the Court to the cited statutory provisions for a complete and accurate statement of their contents.

3. Paragraph 3 of the Complaint contains conclusions of law and Plaintiff's characterization of its action, to which no response is required. Admit that Kelly Loeffler is the Administrator of the SBA.

## VENUE AND JURISDICTION

4. Paragraph 4 of the Complaint consists of conclusions of law, to which no response is required.

5. Paragraph 5 purports to characterize an SBA regulation, to which no response is required. Defendants refer the Court to the cited regulatory provision for a complete and accurate statement of its contents.

6. Paragraph 6 of the Complaint contains conclusions of law, to which no response is required. Deny the remaining allegations of Paragraph 6 of the Complaint, except admit that the Office of Hearings and Appeals ("OHA") issued a decision finding Plaintiff ineligible for loan forgiveness on January 3, 2025.

7. Paragraph 7 of the Complaint contains conclusions of law, to which no response is required. Deny knowledge or information sufficient to form a belief as to whether Plaintiff has a member who is a New York citizen.

8. Paragraph 8 of the Complaint consists of conclusions of law, to which no response is required.

## FACTUAL ALLEGATIONS

**A. THE CARES ACT AND ECONOMIC AID ACT.**

9. Paragraph 9 of the Complaint consists of characterizations of Congress's purpose in passing the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which are

not material to Plaintiff's claims and to which no response is required. Defendants refer the Court to the cited statutory provisions for a complete and accurate statement of their contents.

10. Paragraph 10 of the Complaint contains characterizations of the Paycheck Protection Program ("PPP"), which are not material to Plaintiff's claims and to which no response is required. Defendants refer the Court to the CARES Act for a complete and accurate statement of its contents.

11. Paragraph 11 of the Complaint contains characterizations of Section 7(a) of the Small Business Act, which are not material to Plaintiff's claims and to which no response is required. Deny the remaining allegations of Paragraph 11 of the Complaint, and Defendants refer the Court to the CARES Act for a complete and accurate statement of its contents.

12. Paragraph 12 of the Complaint consists of characterizations of certain CARES Act provisions concerning the PPP, to which no response is required. Defendants refer the Court to the CARES Act for a complete and accurate statement of its contents.

13. Paragraph 13 of the Complaint consists of characterizations of certain CARES Act provisions concerning the PPP, to which no response is required. Defendants refer the Court to the CARES Act for a complete and accurate statement of its contents.

14. Deny the allegations of Paragraph 14 of the Complaint. Aver that Congress altered the PPP through subsequent legislative acts, and refer the Court to the legislative history of 15 U.S.C. §§ 636(a)(36), (37).

15. Paragraph 15 of the Complaint consists of characterizations of certain CARES Act provisions concerning the PPP, to which no response is required. Defendants refer the Court to 15 U.S.C. § 636(a)(36) for a complete and accurate statement of its contents.

16.  Paragraph 16 of the Complaint consists of characterizations of certain CARES Act provisions concerning the PPP, to which no response is required.  Defendants refer the Court to 15 U.S.C. § 636(a)(36) for a complete and accurate statement of its contents.

17.  Admit that the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act ("Economic Aid Act") was signed into law on December 27, 2020, and Defendants refer the Court to 15 U.S.C. § 636(a)(37) for a complete and accurate statement of its contents.

18.  Paragraph 18 of the Complaint consists of characterizations of certain provisions of the Economic Aid Act, to which no response is required.  Defendants refer the Court to 15 U.S.C. § 636(a)(37)(A)(iv)(I) for a complete and accurate statement of its contents.

19.  Deny the allegations of Paragraph 19 of the Complaint, and Defendants refer the Court to 15 U.S.C. § 636(a)(37)(C) for a complete and accurate statement of its contents.

**B.    PLAINTIFF'S SECOND DRAW PPP LOAN.**

20.  Admit that Plaintiff applied for a second draw PPP loan and aver that Plaintiff did so on March 16, 2021.

21.  Admit.

22.  Admit.

**C.    SBA'S FIRST DENIAL OF FORGIVENESS.**

23.  Admit that SBA issued a loan review decision on December 13, 2023, and Defendants refer the Court to that loan review decision for a complete and accurate statement of its contents.

D.  **PLAINTIFF'S APPEAL TO THE OHA.**

24. Paragraph 24 of the Complaint contains Plaintiff's characterization of its legal arguments, to which no response is required.  Admit that Plaintiff submitted its appeal of the loan review decision on January 15, 2024.

25. Admit that SBA filed a Motion to Dismiss Paycheck Protection Program Appeal. Defendants refer the Court to that motion for a complete and accurate statement of its contents.

26. Admit an Order of Dismissal was entered on May 30, 2024, and Defendants refer the Court to that order for a complete and accurate statement of its contents.

E.  **SBA'S SECOND DENIAL OF FORGIVENESS.**

27. Deny knowledge or information sufficient to form a belief as to the date Plaintiff received the referenced notice.  Defendants refer the Court to that notice for a complete and accurate statement of its contents.

28. Admit that SBA sent the referenced letter.  Defendants refer the Court to the declination letter for a complete and accurate statement of its contents.

29. Admit that SBA sent the referenced letter first described in Paragraph 28 of the Complaint.  Defendants refer the Court to the declination letter for a complete and accurate statement of its contents.

F.  **THE PLAINTIFF APPEALS THE SECOND DENIAL TO THE OHA, WHICH AFFIRMS THE SBA'S DECISION.**

30. Paragraph 30 of the Complaint contains Plaintiff's characterization of its legal arguments, to which no response is required.  Admit that Plaintiff submitted an appeal of the SBA's September 19, 2024 determination.

31. Paragraph 31 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

32. Admit that, on January 3, 2025, OHA issued a decision, and Defendants refer the Court to that decision for a complete and accurate statement of its contents.

## THE WAIVER OF THE AFFILIATION RULE APPLIES TO PLAINTIFF

33. Paragraph 33 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

34. Paragraph 34 of the Complaint consists of Plaintiff's characterization of the SBA's intent in promulgating its "affiliation rules," to which no response is required.

35. Paragraph 35 of the Complaint consists of Plaintiff's characterization of 13 C.F.R. § 121.301, to which no response is required.

36. Paragraph 36 of the Complaint consists of characterizations of certain regulations, to which no response is required. Defendants refer the Court to the cited regulatory provision for a complete and accurate statement of its contents.

37. Paragraph 37 of the Complaint consists of characterizations of the CARES Act, to which no response is required. Defendants refer the Court to the cited statutory provision for a complete and accurate statement of its contents.

38. Paragraph 38 of the Complaint consists of characterizations of an interim final rule, to which no response is required. Defendants refer the Court to the cited interim final rule for a complete and accurate statement of its contents.

39. Paragraph 39 of the Complaint contains characterizations of Congress's intent, to which no response is required. Defendants refer the Court to the cited statutory provision for a complete and accurate statement of its contents.

40. Paragraph 40 of the Complaint consists of characterizations of certain statutory provisions, to which no response is required. Defendants refer the Court to the cited legislative act and statutory provisions for a complete and accurate statement of their contents.

41. Paragraph 41 of the Complaint consists of characterizations of the Economic Aid Act, to which no response is required. Defendants refer the Court to the cited statutory provision for a complete and accurate statement of its contents.

42. Paragraph 42 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny.

## THE CORPORATE GROUP RULE

43. Paragraph 43 of the Complaint consists of characterizations of the Economic Aid Act, to which no response is required. Defendants refer the Court to the Economic Aid Act for a complete and accurate statement of its contents.

44. Paragraph 44 of the Complaint contains Plaintiff's conclusion of law, to which no response is required. Defendants refer the Court to the interim final rules cited in Paragraphs 45 and 49 of the Complaint for a complete and accurate statement of their contents.

45. Paragraph 45 of the Complaint consists of characterizations of an interim final rule, to which no response is required. Defendants refer the Court to the cited interim final rule for a complete and accurate statement of its contents.

46. Paragraph 46 of the Complaint consists of characterizations of an interim final rule, to which no response is required. Defendants refer the Court to the cited interim final rule for a complete and accurate statement of its contents.

47. Paragraph 47 of the Complaint consists of characterizations of an interim final rule, to which no response is required. Defendants refer the Court to the cited interim final rule for a complete and accurate statement of its contents.

48. Paragraph 48 of the Complaint consists of characterizations of an interim final rule, to which no response is required. Defendants refer the Court to the cited interim final rule for a complete and accurate statement of its contents.

49. Paragraph 49 of the Complaint consists of characterizations of an interim final rule, to which no response is required. Defendants refer the Court to the cited interim final rule for a complete and accurate statement of its contents.

50. Paragraph 50 of the Complaint consists of characterizations of an interim final rule, to which no response is required. Defendants refer the Court to the cited interim final rule for a complete and accurate statement of its contents.

51. Paragraph 51 of the Complaint consists of characterizations of interim final rules, to which no response is required. Defendants refer the Court to the cited interim final rules for a complete and accurate statement of their contents.

## THE CORPORATE GROUP RULE WAS UNLAWFULLY AND WRONGFULLY APPLIED TO PLAINTIFF

52. Paragraph 52 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny.

53. Paragraph 53 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny.

54. Paragraph 54 of the Complaint consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, deny.

55.　Paragraph 55 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, deny.

56.　Paragraph 56 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, deny.

## COUNT I
## VIOLATION OF THE ADMINSITRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(A)
### (SBA Exceeded Its Statutory Authority-Monetary Limitation)

57.　Paragraph 57 of the Complaint incorporates by reference the prior paragraphs of the Complaint, to which Defendants have responded above.

58.　Paragraph 58 of the Complaint consists of Plaintiff's characterizations of the Administrative Procedure Act ("APA"), to which no response is required.  Defendants refer the Court to the cited statutory provision for a complete and accurate statement of its contents.

59.　Paragraph 59 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

60.　Paragraph 60 of the Complaint consists of characterizations of a statutory provision, to which no response is required.  Defendants refer the Court to 15 U.S.C. § 636(a)(37)[1] for a complete and accurate statement of its contents.

61.　Paragraph 61 of the Complaint consists of Plaintiff's characterizations of legislative acts and conclusions of law, to which no response is required.

62.　Paragraph 62 of the Complaint consists of Plaintiff's conclusions of law and characterizations of statutes, to which no response is required.  Defendants refer the Court to the cited statutes for a complete and accurate statement of their contents.

---

[1] Plaintiff appears to mistakenly cite 15 U.S.C. § 637, rather than Section 636.

63. Paragraph 63 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

64. Paragraph 64 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny.

65. Paragraph 65 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny.

66. Paragraph 66 of the Complaint consists of Plaintiff's conclusions of law and requests for relief, to which no response is required.

## COUNT II
## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(A)
### (Notice and Comment)

67. Paragraph 67 of the Complaint incorporates by reference the prior paragraphs of the Complaint, to which Defendants have responded above.

68. Paragraph 68 of the Complaint consists of Plaintiff's characterization of the APA's rulemaking requirements, which require no response as the APA speaks for itself.

69. Paragraph 69 of the Complaint consists of Plaintiff's characterization of the Economic Aid Act, to which no response is required. Defendants refer the Court to the cited statutory provision for a complete and accurate statement of its contents.

70. Paragraph 70 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

71. Paragraph 71 of the Complaint consists of Plaintiff's characterization of an interim final rule, to which no response is required. Defendants refer the Court to the cited interim final rule for a complete and accurate statement of its contents.

72. Paragraph 72 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

73. Paragraph 73 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny.

74. Paragraph 74 of the Complaint consists of Plaintiff's conclusions of law and requests for relief, to which no response is required. To the extent a response is required, deny.

## COUNT III
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(A)
(Violation of Affiliation Waiver)

75. Paragraph 75 of the Complaint incorporates by reference the prior paragraphs of the Complaint, to which Defendants have responded above.

76. Paragraph 76 of the Complaint consists of Plaintiff's characterization of the purpose behind SBA's affiliation rules, to which no response is required. Defendants refer the Court to the cited rules for a complete and accurate statement of their contents.

77. Paragraph 77 of the Complaint consists of Plaintiff's characterization of the enactment of the CARES Act and Economic Aid Act, to which no response is required. Defendants refer the Court to the cited legislative acts for a complete and accurate statement of their contents.

78. Paragraph 78 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny and aver that, in a request for the production of documents and information that SBA sent Plaintiff in May 2023, the quoted language (sans the parenthetical at the end) appeared.

79. Paragraph 79 of the Complaint consists of Plaintiff's argument and conclusions of law, to which no response is required. To the extent a response is required, deny.

80. Paragraph 80 of the Complaint consists of Plaintiff's conclusions of law and characterizations of SBA rules, to which no response is required. Defendants refer the Court to the cited rules for a complete and accurate statement of their contents.

81. Paragraph 81 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

82. Paragraph 82 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

83. Paragraph 83 of the Complaint consists of Plaintiff's argument and conclusions of law, to which no response is required. To the extent a response is required, deny.

84. Paragraph 84 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny.

85. Paragraph 85 of the Complaint consists of Plaintiff's conclusions of law and requests for relief, to which no response is required. To the extent a response is required, deny.

## COUNT IV
### SBA'S DETERMINATION THAT PLAINTIFF IS INELIGIBLE FOR LOAN FORGIVENESS IS ARBITRARY AND CAPRICIOUS, AN ABUSE OF DISCRETION, AND OTHERWISE NOT IN ACCORDANCE WITH APPLICABLE LAW

86. Paragraph 86 of the Complaint incorporates by reference the prior paragraphs of the Complaint, to which Defendants have responded above.

87. Paragraph 87 of the Complaint consists of Plaintiff's characterization of an SBA declination letter. Defendants refer the Court to the cited declination letter for a complete and accurate statement of its contents.

88. Paragraph 88 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

89. Paragraph 89 of the Complaint consists of Plaintiff's characterization of an SBA rule, to which no response is required. Defendants refer the Court to the cited regulatory provisions for a complete and accurate statement of their contents.

90. Paragraph 90 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

91. Paragraph 91 of the Complaint consists of Plaintiff's characterizations of a regulation and conclusions of law, to which no response is required. Defendants refer the Court to the cited regulatory provisions for a complete and accurate statement of their contents.

92. Paragraph 92 of the Complaint consists of Plaintiff's characterizations of a regulation and conclusions of law, to which no response is required. Defendants refer the Court to the cited regulatory provisions for a complete and accurate statement of their contents.

93. Paragraph 93 of the Complaint consists of Plaintiff's argument and conclusions of law, to which no response is required.

94. Paragraph 94 of the Complaint consists of Plaintiff's argument and conclusions of law, to which no response is required. To the extent a response is required, deny.

95. Paragraph 95 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent they require a response, deny.

96. Paragraph 96 of the Complaint consists of Plaintiff's characterizations of certain SBA determinations, to which no response is required. Defendants refer the Court to the cited written determinations for a complete and accurate statement of their contents.

97. Paragraph 97 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, deny.

98. Paragraph 98 of the Complaint consists of Plaintiff's conclusions of law and requests for relief, to which no response is required.

## COUNT V
## DECLARATORY JUDGMENT

99. Paragraph 99 of the Complaint incorporates by reference the prior paragraphs of the Complaint, to which Defendants have responded above.

100. Paragraph 100 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

101. Paragraph 101 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

102. Paragraph 102 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

103. Paragraph 103 of the Complaint consists of Plaintiff's conclusions of law, to which no response is required.

104. Paragraph 104 of the Complaint consists of Plaintiff's conclusions of law and requests for relief, to which no response is required.

## PRAYER FOR RELIEF

The "Prayer for Relief" consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, deny that Plaintiff is entitled to the relief requested or to any relief whatever.

## DEFENSES

Pursuant to Fed. R. Civ. P. 8(b)(3), any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendants allege as follows:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims and prayer for relief are subject to, and limited by, the APA, including any provisions not specifically identified in this Answer.

3. No agency action at issue was arbitrary, capricious, an abuse of discretion, a violation of due process, or otherwise not in accordance with law.

4. The findings of fact made by the agency are supported by substantial evidence.

5. Under the Administrative Procedure Act, 5 U.S.C. § 501 *et seq.*, judicial review of a final agency decision is limited to the administrative record of the proceedings below.

6. Any errors of law committed by the agency, which Defendants expressly deny, were harmless and not prejudicial, and warrant none of the relief requested in the Complaint. *See* 5 U.S.C. § 706.

7. Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent that Plaintiff raises any claims it did not assert before the agency.

8. Plaintiff's claims are barred to the extent that they are challenging a non-final agency decision.

9. The Court lacks subject-matter jurisdiction over Plaintiff's claims, and Plaintiff's claims are barred, to the extent that they exceed the scope of the United States' waiver of sovereign immunity. The Small Business Act expressly provides that "no . . . injunction . . . shall be issued against the Administrator." 15 U.S.C. § 634(b)(1).

Defendants may have additional defenses that are not known at this time but may become known through litigation. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendants for costs of suit, as allowed by law; and (3) grant just further relief as the Court deems just and proper.

DATE:  New York, New York
       June 9, 2025

                    Respectfully submitted,

                    JAY CLAYTON
                    United States Attorney for the
                    Southern District of New York

By:    */s/ Jacob Lillywhite*
        JACOB LILLYWHITE
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        (212) 637-2639
        jacob.lillywhite@usdoj.gov